# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SEAN T. TATUM,

        **Petitioner,**

    v.                      **Case No. 25-CV-1358**

KEVIN GARCEAU,[1]

        **Respondent.**

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Sean T. Tatum, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Accompanying his petition is a motion to proceed without prepayment of the filing fee. (ECF No. 2.) Based on the information contained in his petition the court finds that he lacks the resources to pay the filing fee and accordingly **grants** the motion.

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[1] Tatum named the State of Wisconsin as the respondent. Under Rule 2(b) of the Rules Governing Section 2254 Cases the respondent is the official who currently has custody of the petitioner. Tatum is incarcerated at Columbia Correctional Institution and the warden of the institution is Kevin Garceau. The court updates the caption accordingly.

Tatum states that he pursued relief in the Wisconsin Court of Appeals and Wisconsin Supreme Court. (ECF No. 1 at 3.) However, Tatum does not state when these appeals occurred. Ordinarily, a person must seek habeas relief within one year of his conviction becoming final. *See* 28 U.S.C. § 2244(d). According to the Wisconsin Court System's online docket, the Wisconsin Court of Appeals affirmed Tatum's conviction on June 28, 2017. *See* Wis. App. No. 2016AP001418-CR. The Wisconsin Supreme Court denied his petition for review on November 13, 2017. *Id*. Although Tatum states that he filed a petition for a writ of certiorari with the United States Supreme Court, he provides no details, and the court did not find any such petition in the online docket of the Supreme Court. Therefore, it appears that Tatum's petition became final on February 12, 2018, when the time for him seeking review by the U.S. Supreme Court passed. Sup. Ct. R. 13; *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). He then had one year in which to seek federal habeas relief. 28 U.S.C. § 2244(d).

According to the Milwaukee County Circuit Court docket in case number 2014CF003098, nothing further happened in his case until 2022. It appears that in 2022 Tatum began a process that eventually culminated in a December 3, 2024, decision of the Wisconsin Court of Appeals. *See* Wis. App. No. 2022AP002011. There is no indication that he sought review by the Wisconsin Supreme Court as part of this collateral attack.

In sum, it appears that any claim raised in Tatum's direct appeal is not properly before the court because he did not file his petition within one year of his

conviction becoming final. *See* 28 U.S.C. § 2244(d)(1)(A); *but cf. Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (discussing equitable tolling).

Insofar as his motion for postconviction relief may have presented any claim that was not procedurally defaulted, *see, e.g.*, 28 U.S.C. § 2244(d)(1)(D), it does not appear that the court could provide Tatum relief because he did not first present the claim to the Wisconsin Supreme Court, *see* 28 U.S.C. § 2254(b)(1)(A). "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies thereby giving the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L.Ed.2d 64, 69 (2004) (citation and quotation marks omitted) (quoting *Duncan* v. *Henry*, 513 U.S. 364, 365 (1995)).

Therefore, the court orders Tatum to show cause as to why the court should not dismiss his petition as both untimely and because it includes at least one unexhausted claim. **No later than 21 days of the date of this order Tatum shall explain to the court why he believes his petition should not be dismissed.** If he no longer wishes to proceed with the petition he should notify the court within 21 days. **If Tatum fails to timely respond to this order the court will dismiss his petition and this action.**

All of the petitioner's filings with the court shall be mailed to the following address:

> Clerk of Court
> Jefferson Court Building
> 125 S. Jefferson St - Room 102
> Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS.

The petitioner should also retain a personal copy of each document.

In addition, the petitioner must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 8th day of September, 2025.

_s/ Byron B. Conway_
BYRON B. CONWAY
United States District Judge