UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN T. TATUM,

            Petitioner,

v.                               Case No. 25-CV-1358

KEVIN GARCEAU,

            Respondent.

## DECISION AND ORDER

Sean T. Tatum filed a petition for a writ of habeas corpus. The court screened his petition and noted that it appeared both that his petition was untimely and that it contained at least one unexhausted claim. (ECF No. 4.) The court ordered Tatum to explain why his petition should not be dismissed. Tatum has responded (ECF No. 6), and having reviewed his response the court finds that it is required to dismiss his petition.

Tatum does not dispute that his petition is untimely and contains at least one unexhausted claim. Rather, he devotes his response to outlining his claims and asking that the court consider them. (ECF No. 6.)

As the court explained in its prior order, a federal court can consider a state inmate's petition for a writ of habeas corpus only under limited circumstances. The petitioner must first present his claims to one full round of review by the state courts,

which in Wisconsin means the circuit court, the court of appeals, and the Wisconsin Supreme Court. *See Leventhal v. Knowles*, No. 25-cv-1079-pp, 2025 U.S. Dist. LEXIS 150074, at *14 (E.D. Wis. Aug. 5, 2025) ("Only when the Wisconsin Supreme Court has ruled (or declined to grant a petition for review) has the convicted person exhausted his state remedies by invoking one complete round of Wisconsin's established appellate review process."). This process is called exhaustion or exhaustion of state remedies. *See* 28 U.S.C. § 2254(b).

A petitioner generally must then file his petition within one year of his conviction becoming final, 28 U.S.C. § 2244(d)(1), although the time that any properly filed motion for collateral review is pending in state court does not count towards this deadline, 28 U.S.C. § 2244(d)(2).

Tatum's conviction became final in early 2018 when the time for him to seek review by the United States Supreme Court passed. *Tatum v. Garceau*, No. 25-CV-1358, 2025 U.S. Dist. LEXIS 174334, at *2 (E.D. Wis. Sep. 8, 2025). He then had one year in which to seek federal habeas relief or stop the one-year clock by filing a collateral challenge in state court.

But nothing happened in his case for more than four years until Tatum filed a motion for post-conviction relief in state court. *See* Case No. 2014CF003098 (Milwaukee Cnty. Cir. Ct.) available at https://wcca.wicourts.gov/. Proceedings on that motion ended when the Wisconsin Court of Appeals on December 3, 2024, affirmed the circuit court's denial of relief. *See* Case No. 2022AP002011 (Wis. Ct. App.) available at https://wscca.wicourts.gov/; *State v. Tatum*, No. 2022AP2011, 2024

Wisc. App. LEXIS 1022 (Ct. App. Dec. 3, 2024). Tatum did not seek review by the Wisconsin Supreme Court.

Thus, Tatum presents two categories of claims—those in his direct appeal and those his motion for post-conviction relief—which, in turn, present two categories of problems—timeliness and exhaustion. The claims Tatum presented in his direct appeal are untimely because he did not file his federal habeas petition within one year of his conviction becoming final. The claims Tatum included in his motion for post-conviction relief are unexhausted because he did not present them to the Wisconsin Supreme Court. Further, those claims are procedurally defaulted because there is no way he could exhaust those claims now.

As to the timeliness problem, under extraordinary circumstances the time to file a federal petition may be equitably tolled. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). A petitioner must show that he was diligently pursuing his claim, but he could not file it on time because of extraordinary circumstances beyond his control. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Similarly, a petitioner can avoid procedural default for unexhausted claims if he can show cause and prejudice for his failure to exhaust. To establish cause for a failure to exhaust, the petitioner must show that some external impediment prevented him from exhausting. *Love v. Vanihel*, 73 F.4th 439, 447 (7th Cir. 2023) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *Garcia v. Cromwell*, 28 F.4th 764, 775 (7th Cir. 2022) (quoting *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012)).

The only explanation that Tatum offers for his untimeliness and his failure to exhaust is his unfamiliarity with the legal system. However, lack of legal knowledge is not a basis for equitable tolling, *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004), or to excuse procedural default, *Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002).

One final exception to both untimeliness and procedural default is the actual innocence or manifest injustice exception. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (brackets omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The petitioner must present "new reliable evidence." *House v. Bell*, 547 U.S. 518, 537 (2006). The court then considers that new evidence along with all other evidence, without regard to whether it would ultimately be admissible at trial, to determine what properly instructed jurors likely would do. *Id.* at 537-38.

Tatum alleges that an interrogator lied to him and failed to honor his request for a lawyer, a probable cause determination was never signed by a judge,[1] and he

---

[1] Tatum's complaint with respect to the lack of a signature of the Form CR-215 (also known as a ("Probable Cause Statement and Judicial Determination" form, *Garcia v. Hepp*, 65 F.4th 945, 947 (7th Cir. 2023)) used in Milwaukee County Circuit Court is a common complaint. *See Shaw v. Cty. of Milwaukee*, No. 20-C-1533, 2025 U.S. Dist. LEXIS 96656, at *5-6 (E.D. Wis. May 21, 2025); *Bogan v. Barrett*, No. 19-C-372, 2019 U.S. Dist. LEXIS 81939, at *4 (E.D. Wis. May 15, 2019). However, this common complaint appears to arise from a misunderstanding of how the forms are processed. *See Shaw*, 2025 U.S. Dist. LEXIS 96656, at *16; *see also Garcia v. Foster*, 570 F. Supp. 3d 659, 666 (E.D. Wis. 2021) (discussing generally the use of the CR-215 form in Milwaukee County); *United States v. West*, No. 08-CR-157, 2009 U.S. Dist. LEXIS 121970, at *19 (E.D. Wis. Mar. 3, 2009) (same). As the distribution instructions on this standard form suggest, there are multiple copies. *Shaw*, 2025 U.S. Dist. LEXIS 96656, at *16. The arresting agency provides a copy to the arrestee before forwarding another copy to the court commissioner for review and signature. The copy signed by the court commissioner is retained by the court; the arrestee generally does not receive a copy of it.

did not receive a fair trial because he was tried with a co-defendant. (ECF No. 6.) Standing alone, these allegations do not satisfy the high standard of demonstrating actual innocence. Only the details about the probable cause form are new, but it is not evidence that goes to a defendant's guilt or innocence.

Setting aside that Tatum has not presented new evidence, he has not demonstrated that he is actually innocent. Tatum was convicted of a gang rape based in large part on his DNA found in a condom discarded at the scene. *State v. Tatum*, No. 2016AP1418-CR, 2017 Wisc. App. LEXIS 1236, at *6-7 (Ct. App. June 28, 2017). That condom was part of the same manufacturing lot as the condoms used by other perpetrators and that were also found at the scene. *Id*. The victim also testified that she was "pretty sure" and "almost positive" that Tatum was one of the men who raped her. *Id.* at *3. Against this backdrop, the court cannot say that a reasonable jury would likely acquit him. Consequently, Tatum has failed to prove that his untimeliness and failure to exhaust should be excused because he is actually innocent.

Therefore, the court must dismiss Tatum's petition. Because the court is dismissing his petition, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Tatum a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether

[this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because it is clear that Tatum's claims are both untimely and unexhausted and there is no basis by which Tatum may evade these procedural obstacles, the court therefore must decline to issue a certificate of appealability

**IT IS THEREFORE ORDERED** that Tatum's petition and this action are dismissed. The court declines to issue a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 18th day of September, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
